# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:14-cr-133

                                  District Judge Timothy S. Black
-  vs  -                        Magistrate Judge Michael R. Merz

NEIL McNEIL,

          Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review of Defendant McNeil's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 38). Rule 4(b) of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

All collateral attacks on criminal convictions filed at the Dayton location of court are referred to the undersigned by General Order Day 13-01.

1

McNeil claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). McNeil asserts the residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson* and indeed the Sixth Circuit has so held *United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016)

**Procedural History**

On August 29, 2014, the United States Attorney filed an Information charging McNeil with one count of bank robbery in violation of 18 U.S.C. § 2113(a)(ECF No. 19). McNeil waived indictment and agreed to plead guilty to this one charge in a written Plea Agreement (ECF No. 26). The plea was made pursuant to Fed. R. Crim. P. 11(c)(1)(C) and the parties agreed that an appropriate disposition was a sentence of 84-105 months. *Id.* at ¶ 4.

Judge Black referred the case to the Probation Department which prepared a presentence investigation report ("PSR"). As McNeil claims in his Motion, the PSR recommended finding that he was a career offender because the offense of conviction was a crime of violence and he had at least two prior convictions for violent offenses (PSR ¶ 41). Those convictions were both for armed bank robbery in the Northern District of Ohio, to wit, that court's cases 97-cr-175 and 07-cr-198. *Id.* at ¶¶ 42, 49, 50. The PSR classified these prior convictions as crimes of violence by applying the definition at U.S.S.G. § 4B1.2(a)(1). *Id.* at ¶ 42.

The parties made no objections to the PSR which Judge Black accepted (Minutes, ECF No. 32). He then sentenced McNeil to ninety-six months imprisonment. *Id.*; *see also* Judgment Entry, ECF No. 33. McNeil took no appeal, but filed the instant § 2255 Motion with the assistance of counsel.

## Analysis

McNeil claims that both his offense of conviction and his two prior bank robbery convictions do not count as crimes of violence: "the only remaining question here is whether Neil McNeil's instant offense/prior offenses qualify as a 'crime of violence' under the 'enumerated offenses' clause or 'elements' clause of the career offender provision (U.S.S.G. § 4B1.2(a))." (Motion, ECF No. 37, PageID 135.)

However, McNeil makes no argument about the predicate offenses at all. He does not advise this Court what statute McNeil was charged under in the prior cases nor make any argument why they are not crimes of violence.[1] At sentencing McNeil made no objections to the PSR, including no objections to finding that the prior offenses were crimes of violence under the Guidelines (Minutes, ECF No. 32). In the absence of any objection, McNeil has forfeited his claim that the predicate offenses were not crimes of violence. Section 2255 is not available to challenge a Guideline finding when no objection is made at the time of sentencing.

Even if § 2255 were available to make this challenge to the predicate offenses, McNeil's challenge would be untimely. Judgment was entered in this case May 13, 2015, and the instant § 2255 Motion was not filed until June 21, 2016, well over a year later. McNeil argues his Motion

---

[1] The Court notes, however, that the PSR shows the 2007 conviction included two counts of extortion. Extortion is an enumerated offense in the Guidelines.

3

is timely because it was filed within one year of the *Johnson* decision (Motion, ECF No. 37, PageID 151). But *Johnson* did not reopen the statute of limitations on all claims made under the ACCA or the career offender analogue, but only to those claims where the defendant's classification as a career offender depends on the residual clause. There is nothing in the record to show the PSR"s determination that these offenses were crimes of violence depended in any way on the residual clause.

McNeil devotes his argument to the claim that his offense of conviction in this case is not a crime of violence. He accurately quotes the statute of conviction as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;
>
> or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

§ 18 U.S.C. 2113(a). In order to find a violation of this statute to be a violent felony, McNeil says, the Court must apply the elements clause of the Guidelines under *Descamps v. United*

4

*States,* 133 S. Ct. 2276 (2013)(Motion, ECF No. 37, PageID 143).  Because the second part of § 2113(a) does not have force as an element, McNeil argues it does not qualify. *Id.* at 144-45.

The Magistrate Judge sees a number of flaws in that argument.  First of all, *Descamps* was decided June 20, 2013, well before sentence was imposed in this case.  However, no *Descamps* objection was made to the PSR, stated at sentencing, or raised on appeal.  *Descamps* has never been held to be retroactive.  *Zemba v. Farley*, 2015 U.S. App. LEXIS 12430 (6th Cir. 2015).  Although *Johnson* is retroactive, it does not reopen the statute of limitations for any and all claims about the career offender guidelines.

Secondly, 18 U.S.C. § 2113(a) is clearly a divisible statute and McNeil was charged under the first portion, to wit, robbery by force, violence, and intimidation.  The Sixth Circuit has held that a conviction for violation of this portion of the statute is a crime of violence, employing an elements analysis.  *United States v. McBride*, ___ F.3d ___, 2016 U.S. App. LEXIS 10538 (6th Cir. 2016).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the § 2255 Motion be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and

therefore should not be permitted to proceed *in forma pauperis*.

July 5, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).